## CHARLES L. APPLEGARTH vs. THE STATE OF MARYLAND.

*License Tax on Oyster Packers.*

The Act of 1894, ch. 380, requires packers or canners of oysters to take out a license and also to pay a tax of one dollar for each one thousand bushels of oysters packed or canned by the licensee in excess of the estimate named in the license. *Held*, that this tax applies as well to oysters shipped from another State to the packer in this State as to oysters taken in waters of this State, and that said tax is free from any constitutional objection since the power of the State to impose a license tax upon occupations is well established.

Appeal from the Criminal Court of Baltimore City (STOCK-BRIDGE, J.) The Act of 1894, ch. 380, sec. 66, enacts that any person, firm or corporation engaged in the business of packing or canning oysters for sale or transportation shall * * take out a license to engage in such business by application under oath to the Clerk of the Circuit Court, &c., and such application shall state the number of bushels of oysters which is proposed to be packed by himself, his firm or corporation during the succeeding eight months, and at the time of issuing such license shall pay the sum of twenty-five dollars and in addition thereto the sum of one dollar per thousand bushels for every thousand bushels over ten thou-sand bushels.

The cause was argued before. McSHERRY, C. J., BRISCOE, PAGE, ROBERTS, PEARCE and SCHMUCKER, JJ.

*Thomas C. Weeks* (with whom was *Thomas C. Ruddell* on the brief), for the appellant.

The appellant submits that the Act relates exclusively to the oyster industry of the State of Maryland; that it was the intention of the Legislature to legislate solely on that subject, and not to make its provisions apply in any respect to oysters taken in other States; the object of the statute

being said to be for " regulating, preserving and protecting this important and valuable industry" of Maryland, to the end that the " oyster beds of Maryland should not be destroyed or seriously injured," and such license provisions are expressly made to defray the expense of maintaining said industry. These provisions for license are justified for the reasons that the State can pass laws " determining how oysters can be taken; can prohibit them from being taken at all, or make such other reasonable regulations concerning them (Maryland oysters) as it may deem best and proper for the interest of the State at large." Also because the State, as the owner of its oysters, is entitled to a " reasonable and fair compensation" for them and for their protection. *State* v. *Applegarth*, 81 Md. 299–304.

It was not the intention of the Legislature to tax the canning of oysters caught in other States, *by this statute*, or to place a burden on the packer for which he did not receive a corresponding benefit in the protection and preservation of the article he packed ; such a construction would be unreasonable, would impose an unjust burden, and if the Legislature had so intended the tax to apply to other oysters than Maryland oysters it would have said so in the words of the statute. The reasons and conclusions of the *Applegarth case* (81 Md.) do not apply to Virginia oysters packed in this State.

The whole Act deals with one class of goods, to-wit : Maryland oysters. The special plea should have controlled the case, and there was error in rejecting the proof offered by the defendant, as stated in the bill of exceptions. *Dickhaut* v. *State*, 85 Md. 462.

*Harry M. Clabaugh, Attorney-General*, for the appellee, submitted the case on brief.

ROBERTS, J., delivered the opinion of the Court.

The appellant was indicted in the Criminal Court of Baltimore City on the charge of having violated the provisions

of the Act of 1894, ch. 380, entitled " An Act to repeal
Article seventy-two of the Code of Public General Laws,"
and all sections and sub-sections thereunder, and to re-enact
said Article with amendments.   The indictment contains
three counts, each of which charges the appellant with hav-
ing violated secs. 66 and 67 of the Act in question.   It will
not be important to consider the first and second counts of
the indictment.   The appellant filed a special plea to the
third count of the indictment, which plea the appellee de-
murred to and the Court sustained the demurrer.   The par-
ties then elected to go to trial before the Court on the third
count under the plea of not guilty.   The State, after it had
given evidence tending to prove that the appellant was en-
gaged in the business of packing and canning oysters for
sale and transportation at Baltimore from the first of Sep-
tember, 1897, to the 25th of April, 1898, and that the said
appellant had failed to pay the tax of one dollar per thou-
sand bushels for each thousand bushels of oysters packed
and canned by himself in excess of the amount named in
the license issued to him, as stated in the third count of the
indictment, and in pursuance of the said license issued to him.
The appellant further offered evidence, tending to prove that
the oysters, which were canned and packed by him, as testi-
fied to by the witness on the part of the State, were pur-
chased by him in the State of Virginia, and shipped to him
from that State by a citizen thereof; that said oysters were
taken from the waters of the State of Virginia, and were not
taken or caught from the waters of the State of Maryland,
to which evidence the State objected, and the Court sus-
tained the objection and refused to permit the said evidence
to be offered.

The demurrer and the exception present the same ques-
tion, to-wit : " Does the fact that the appellant bought the
oysters in the State of Virginia and had them shipped to
him from that State to the State of Maryland, exempt him
from the payment of the license fee ? " The appellant con-
tends that the provisions of the Act of 1894 relate solely

to the oyster industry of the State of Maryland, and further, that it was not the intention of the Legislature to tax the canning of oysters caught in other States, *than by this statute*, or to place a burden on the packer for which he did not receive a corresponding benefit for the protection and preservation of an article to be packed ; and further, it is contended that such a construction would be unreasonable and would impose an unjust burden, and if the Legislature had so intended the tax to apply to other oysters than such as have been caught in Maryland waters, it would have said so in the words of the statute.    But we fail to comprehend in what respect the Constitution has been violated by the provisions of this Act, unless it be true that every license issued to a merchant is unconstitutional because he must sell goods that were made in, and shipped from some other State.    In other words, on whatever stock he purchased outside of the State he would not be required to pay any license.

To sanction the contention of the appellant would be to grant immunity to the citizens of the State of Virginia by releasing them from taking out certain licenses, which the citizens of Maryland are, under the Act of 1894, required to obtain.    We know of no Act ever passed by the Legislature of this State which was intended to confer benefits upon other States, but which denied to this State equal benefits.    MR. JUSTICE FIELD, delivering the opinion of the Court in the case of *Webber* v. *Virginia*, 103 U. S., 350, says: " No one questions the general power of the State to require licenses for the various pursuits and occupations conducted within her limits, *and to fix their amount as she chooses.*"    And again, from the same case : "A State may require a license for the sale of sewing machines, although the machines are patented under the laws of the United States, where there is no discrimination against machines outside the State."    MR. JUSTICE BOYD, delivering the opinion of this Court, in the case of *State* v. *Applegarth*, 81 Md., 296–7, says : " The appellees were indicted for

engaging in the business of packing and canning, for sale
and transporation, oysters taken in the waters of this State
without obtaining from the State a license therefor. The
prosecution is based on sections 66 and 67, Article 72 of the
Code of Public General Laws, as amended by chapter
380 of the laws of 1894. It is contended on behalf of the
appellees that these sections are: (1), in conflict with the
Constitution of this State, because the license provided for is
an arbitrary and unequal tax, contrary to the 15th Article
of the Bill of Rights, and not a lawful exercise of the police
power of the State; and (2), that they are a regulation of
inter-state commerce in violation of the Constitution of the
United States." * * * " The privilege of carrying on
the business of packing and canning oysters is made by
this law to depend upon the taking out of a license, and
we do not think the provisions of the State Constitution
looking to equality and uniformity in taxation are thereby
·violated. It is said in *Tiedeman's Limitation of Police
Power*, 282, that ' the most common objection raised to the
enforcement of a license tax is that it offends the constitu-
tional provision, which requires uniformity of taxation,
since the determination of the sum that shall be required of
each trade or occupation must necessarily, in some degree,
be arbitrary, and the amount demanded more or less irreg-
ular. But the Courts have generally held that the consti-
tutional requirement as to uniformity of taxation has no
reference to taxation of occupation.' The right to require
the payment of license fees for the privilege of carrying on
business of different kinds has been recognized for many
years in this State, and the license fees required to be paid
have been fixed, in the discretion of the Legislature, ac-
cording to circumstances and the character of the business."
In *McCready* v. *Virginia*, 94 U. S., 391, it was held that
"A State can grant to its own citizens the exclusive use of
lands covered by water for raising oysters, and may pro-
hibit under a penalty, their use for such purpose, by citi-
zens of other States." We fail to recognize the force of

the appellant's contention to the effect that the Act of 1894 violates the provisions of the Federal Constitution in virtue of the fact that the Act in question here deals with Maryland oysters alone; it is further contended by the appellant that the decision of the *Applegarth case, supra,* does not apply to Virginia oysters.

It follows from what we have said that the judgment of the Court below must be affirmed with costs.

*Judgment affirmed with costs.*